In the Matter of Proceedings Supplementary to Judgment: DAVID GOLDBLATT, Appellant, v. EDWARD PETERSON, Respondent.— An infant, under the age of fourteen years, suffered an accident due to negligence and brought an action to recover damages for personal injuries. The action was compromised by order of the court and the sum awarded the infant was paid into the city chamberlain to his credit. The petitioner is a physician who rendered services at the time of the accident and amputated the infant's right leg and gave post-operative treatment. For these services he was unpaid. He brought an action in the Municipal Court against the infant for the value of his services as alleged necessaries and had a judgment for $584.50. It does not appear whether the judgment was taken by default or was properly defended. The surviving parent was primarily liable; and it is difficult to understand how recovery could be had against the infant on any implied contract. No doubt the judgment could be opened or set aside if any interested party were giving attention to the infant's interests. In supplementary proceedings the physician has applied to the court to have payment of this judgment out of the sum remaining in the hands of the chamberlain, which, it seems, has been greatly depleted, probably by allowances for support and maintenance, although that fact is not shown. The court has taken possession of the fund of the infant and placed it in the hands of the legal custodian. Its duty is to conserve such fund and pay it over to the infant when he becomes of age and, in the meantime, make such provision therefrom, on application, as is necessary for his support, maintenance and education. The disposition of the fund rests entirely in the discretion of the court; and it was well within the discretion of the court to deny the motion to the end that the fund should be conserved for the maintenance and benefit of this crippled boy. Order affirmed, without costs. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.